## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

JIAN HUANG,                :

                             :      **DOCKET NO. 3:14-CV-1263 (VLB)**

           **Plaintiff,**    :

                             :

   **v.**                      :

                             :

**HARMAN INTERNATIONAL**   :

**INDUSTRIES, INC.**       :

                             :      **NOVEMBER 3, 2015**

           **Defendant.**   :

### <u>ANSWER TO AMENDED COMPLAINT</u>

As its Answer to the Amended Complaint filed by plaintiff Jian Huang ("plaintiff") in the above-captioned case, defendant Harman International Industries, Incorporated ("defendant") admits, denies, and alleges as follows:

### <u>Nature of the Action</u>

1.    Defendant denies the allegations contained in Paragraph 1 of plaintiff's Amended Complaint.

### <u>Parties</u>

2.    Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 2 of plaintiff's Amended Complaint, except to admit on information and belief that plaintiff resides at 39 Crocus Lane, Avon,

Connecticut.

3.      Defendant admits the allegations contained in Paragraph 3 of plaintiff's Amended Complaint.

## Jurisdiction and Venue

4.      The allegations contained in Paragraph 4 of plaintiff's Amended Complaint state legal conclusions to which no response is required.

5.      The allegations contained in Paragraph 5 of plaintiff's Amended Complaint state legal conclusions to which no response is required.

## Factual Background

6.      Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 6 of plaintiff's Amended Complaint.

7.      Defendant admits the allegations contained in Paragraph 7 of plaintiff's Amended Complaint.

8.      Defendant denies the allegations contained in Paragraph 8 of plaintiff's Amended Complaint, except to admit that plaintiff worked as a full-time auditor for Harman.

9.    Paragraph 9 of plaintiff's Amended Complaint states legal conclusions to which no response is required.

10.   The Code of Conduct identified in Paragraph 10 of plaintiff's Amended Complaint speaks for itself.

11.   The Code of Conduct identified in Paragraph 11 of plaintiff's Amended Complaint speaks for itself.

12.   Defendant denies the allegations contained in Paragraph 12 of plaintiff's Amended Complaint.

13.   Defendant denies the allegations contained in Paragraph 13 of plaintiff's Amended Complaint, except to admit that plaintiff participated in an audit of Harman's Amplifier Business Unit ("ABU") located in Elkhart, Indiana in or about October 2011.

14.   Defendant denies the allegations contained in Paragraph 14 of plaintiff's Amended Complaint, except to admit that plaintiff raised certain unfounded concerns about the ABU audit with his immediate supervisor at the time, Amir Amirthalingam, who advised plaintiff to speak with Chet Simon, Harman's Vice President, Internal Audit.

15.   Defendant denies the allegations contained in Paragraph 15 of plaintiff's Amended Complaint, except to admit that plaintiff

discussed his conclusions about the ABU audit with Mr. Simon on or about December 22, 2011.

16.   Defendant denies the allegations contained in Paragraph 16 of plaintiff's Amended Complaint, except to admit that Mr. Amirthalingam discussed the ABU audit with Mr. Simon on or about December 22, 2011.

17.   The email identified in Paragraph 17 of plaintiff's Amended Complaint speaks for itself.

18.   Defendant denies the allegations contained in Paragraph 18 of plaintiff's Amended Complaint, except to admit that Harman terminated Mr. Amirthalingam's employment on or about February 9, 2012 for reasons unrelated to any alleged protected activity or the issues in this lawsuit.

19.   Defendant denies the allegations contained in Paragraph 19 of plaintiff's Amended Complaint, except to admit that following Mr. Amirthalingam's dismissal plaintiff began reporting to Mr. Simon.

20.   Defendant admits the allegations contained in Paragraph 20 of plaintiff's Amended Complaint and clarifies that plaintiff was part of a team responsible for the IBU audit.

4

21.    Defendant denies the allegations contained in Paragraph 21 of plaintiff's Amended Complaint, except to note that e-mail referenced therein speaks for itself.

22.    Defendant denies that the email referenced in Paragraph 22 of plaintiff's Amended Complaint comes from an unidentified individual, and further states that the content of the email speaks for itself.

23.    Defendant admits the allegations contained in Paragraph 23 of plaintiff's Amended Complaint and clarifies that plaintiff was part of a team responsible for the LBU audit.

24.    Defendant denies the allegations in Paragraph 24 of plaintiff's Amended Complaint, except to note that the email identified therein speaks for itself.

25.    The email identified in Paragraph 25 of plaintiff's Amended Complaint speaks for itself.

26.    The email identified in Paragraph 26 of plaintiff's Amended Complaint speaks for itself.

27.    The email identified in Paragraph 27 of plaintiff's Amended Complaint speaks for itself.

28. Defendant denies the allegations contained in Paragraph 28 of plaintiff's Amended Complaint, except to admit that plaintiff received a poor performance review, was placed on a performance improvement plan, and did not receive an increase in compensation albeit not as an act of retaliation.

29. Defendant admits the allegations contained in Paragraph 29 of plaintiff's Amended Complaint.

30. Defendant admits that plaintiff filed a complaint with the Occupational Safety and Health Administration ("OSHA") on or about October 15, 2012, the content of which speaks for itself.

31. Defendant denies the allegations contained in Paragraph 31 of plaintiff's Amended Complaint, except to admit that plaintiff discussed his conclusions about the IBU audit with Mr. Karli in or about November 2012.

32. Defendant denies the allegations contained in Paragraph 32 of plaintiff's Amended Complaint.

33. Defendant denies the allegations contained in Paragraph 33 of plaintiff's Amended Complaint, except to admit that plaintiff participated in the LBU audit, made arrangements to remain on-site

without defendant's approval, and was insubordinate.

34.   Defendant denies the allegations contained in Paragraph 34 of plaintiff's Amended Complaint.

35.   Defendant denies the allegations contained in Paragraph 35 of plaintiff's Amended Complaint, except to admit that plaintiff's employment was terminated on February 5, 2013.

### Claims for Relief

### COUNT ONE – Violation of SOX Anti-Retaliation Provisions

1-35. Defendant's responses to Paragraphs 1-35 of plaintiff's Amended Complaint are incorporated by reference as if fully set forth herein.

36.   Defendant denies the allegations contained in Paragraph 36 of plaintiff's Amended Complaint.

37.   Defendant denies the allegations contained in Paragraph 37 of plaintiff's Amended Complaint.

38.   Defendant denies the allegations contained in Paragraph 38 of plaintiff's Amended Complaint.

39.   Defendant denies the allegations contained in Paragraph 39 of plaintiff's Amended Complaint.

40.     Defendant denies the allegations contained in Paragraph 40 of plaintiff's Amended Complaint.

41.     Paragraph 41 of plaintiff's Amended Complaint states legal conclusions to which no response is required.

42.     Defendant denies the allegations contained in Paragraph 42 of plaintiff's Amended Complaint.

43.     Defendant denies the allegations contained in Paragraph 43 of plaintiff's Amended Complaint.

44.     Defendant denies the allegations contained in Paragraph 44 of plaintiff's Amended Complaint.

45.     Paragraph 45 of plaintiff's Amended Complaint states legal conclusions to which no response is required.

46.      Paragraph 46 of plaintiff's Amended Complaint states legal conclusions to which no response is required.

47.     Defendant denies the allegations contained in Paragraph 47 of plaintiff's Amended Complaint.

**COUNT TWO – Violation of Dodd-Frank Anti-Retaliation Provisions**

1-46. Defendant's responses to Paragraphs 1-46 of plaintiff's Amended Complaint are incorporated by reference as if fully set forth

8

herein.

47.    Paragraph 47 of plaintiff's Amended Complaint states legal conclusions to which no response is required.

48.    Paragraph 48 of plaintiff's Amended Complaint states legal conclusions to which no response is required.

49.    Paragraph 49 of plaintiff's Amended Complaint states legal conclusions to which no response is required.

50.    Defendant denies the allegations contained in Paragraph 50 of plaintiff's Amended Complaint.

51.    Defendant denies the allegations contained in Paragraph 51 of plaintiff's Amended Complaint.

**COUNT THREE – Violation of Conn. Gen. Stat. § 31-51q**

1-51. Defendant's responses to Paragraphs 1-51 of plaintiff's Amended Complaint are incorporated by reference as if fully set forth herein.

52.    Defendant denies the allegations contained in Paragraph 52 of plaintiff's Amended Complaint.

53.    Defendant denies the allegations contained in Paragraph 53 of plaintiff's Amended Complaint.

54.   Defendant denies the allegations contained in Paragraph 54 of plaintiff's Amended Complaint.

55.   Defendant denies the allegations contained in Paragraph 55 of plaintiff's Amended Complaint.

56.   Defendant denies the allegations contained in Paragraph 56 of plaintiff's Amended Complaint.

57.   Defendant denies the allegations contained in Paragraph 57 of plaintiff's Amended Complaint.

58.   Defendant denies the allegations contained in Paragraph 58 of plaintiff's Amended Complaint.

### COUNT FOUR – Wrongful Discharge in Violation of Public Policy

1-51. Defendant's responses to Paragraphs 1-51 of Count Two of plaintiff's Amended Complaint are incorporated by reference as if fully set forth herein.

52.   Defendant denies the allegations contained in Paragraph 52 of Count Four of plaintiff's Amended Complaint.

53.   Defendant denies the allegations contained in Paragraph 53 of Count Four of plaintiff's Amended Complaint.

54.   Defendant denies the allegations contained in Paragraph 54

of Count Four of plaintiff's Amended Complaint.

55.    Defendant denies the allegations contained in Paragraph 55 of Count Four of plaintiff's Amended Complaint.

56.    Defendant denies the allegations contained in Paragraph 56 of Count Four of plaintiff's Amended Complaint.

57.    Defendant denies the allegations contained in Paragraph 57 of Count Four of plaintiff's Amended Complaint.

## COUNT FIVE – Breach of Express Contract

1-51. Defendant's responses to Paragraphs 1-51 of Count Two of plaintiff's Amended Complaint are incorporated by reference as if fully set forth herein.

52.    The Code of Conduct identified in Paragraph 52 of Count Five of plaintiff's Amended Complaint speaks for itself.

53.    Defendant denies the allegations contained in Paragraph 53 of Count Five of plaintiff's Amended Complaint, except to state that the Code of Conduct speaks for itself.

54.    The Code of Conduct identified in Paragraph 54 of Count Five of plaintiff's Amended Complaint speaks for itself.

55.    Defendant denies the allegations contained in Paragraph 55

of Count Five of plaintiff's Amended Complaint.

56.   Defendant denies the allegations contained in Paragraph 56 of Count Five of plaintiff's Amended Complaint.

57.   Defendant denies the allegations contained in Paragraph 57 of Count Five of plaintiff's Amended Complaint.

## COUNT SIX – Breach of Implied Contract

1-51. Defendant's responses to Paragraphs 1-51 of Count Two of plaintiff's Amended Complaint are incorporated by reference as if fully set forth herein.

52.   The Code of Conduct identified in Paragraph 52 of Count Six of plaintiff's Amended Complaint speaks for itself.

53.   Defendant denies the allegations contained in Paragraph 53 of Count Six of plaintiff's Amended Complaint, except to state that the Code of Conduct speaks for itself.

54.   The Code of Conduct identified in Paragraph 54 of Count Six of plaintiff's Amended Complaint speaks for itself.

55.   Defendant denies the allegations contained in Paragraph 55 of Count Six of plaintiff's Amended Complaint.

56.   Defendant denies the allegations contained in Paragraph 56

of Count Six of plaintiff's Amended Complaint.

57.     Defendant denies the allegations contained in Paragraph 57 of Count Six of plaintiff's Amended Complaint.

## COUNT SEVEN – Promissory Estoppel

1-51. Defendant's responses to Paragraphs 1-51 of Count Two of plaintiff's Amended Complaint are incorporated by reference as if fully set forth herein.

52.     Defendant denies the allegations contained in Paragraph 52 of Count Seven of plaintiff's Amended Complaint.

53.     Defendant denies the allegations contained in Paragraph 53 of Count Seven of plaintiff's Amended Complaint.

54.     Defendant denies the allegations contained in Paragraph 54 of Count Seven of plaintiff's Amended Complaint.

55.     Defendant denies the allegations contained in Paragraph 55 of Count Seven of plaintiff's Amended Complaint.

## COUNT EIGHT – Negligent Misrepresentation

1-51. Defendant's responses to Paragraphs 1-51 of Count Two of plaintiff's Amended Complaint are incorporated by reference as if fully set forth herein.

52.    Defendant denies the allegations contained in Paragraph 52 of Count Eight of plaintiff's Amended Complaint.

53.    Defendant denies the allegations contained in Paragraph 53 of Count Eight of plaintiff's Amended Complaint.

54.    Defendant denies the allegations contained in Paragraph 54 of Count Eight of plaintiff's Amended Complaint.

55.    Defendant denies the allegations contained in Paragraph 55 of Count Eight of plaintiff's Amended Complaint.

WHEREFORE, Defendant denies that plaintiff is entitled to any of the relief set forth in his Prayer for Relief.

## DEFENSES

Defendant alleges the following defenses to the claims asserted by plaintiff in his Amended Complaint:

### First Defense

Plaintiff has failed to mitigate his alleged damages, any entitlement to which is expressly denied.

### Second Defense

To the extent plaintiff intends to raise allegations in this lawsuit under Section 806 of the Sarbanes-Oxley Act of 2002, 18 U.S.C. §

1514A, which were not previously raised with the Occupational Safety and Health Administration ("OSHA"), such allegations are precluded by virtue of plaintiff's failure to exhaust available administrative procedures and remedies.

### Third Defense

Plaintiff's claims under Section 806 of the Sarbanes-Oxley Act of 2002, 18 U.S.C. § 1514A, are barred in whole or in part by the operative statute of limitations.

### Fourth Defense

Even if plaintiff's purported protected activity was a contributing factor in the decisions he alleges were retaliatory, which defendant categorically denies, the same decisions would have been made for legitimate and non-retaliatory business reasons even absent the alleged protected activity.

### Fifth Defense

The Amended Complaint fails to state a claim upon which relief may be granted.

### Sixth Defense

Even if plaintiff properly exercised rights protected by Conn. Gen.

Stat. § 31-51q, which defendant denies, his conduct substantially and/or materially interfered with his bona fide job performance and/or the working relationship between himself and defendant, thereby removing his conduct from the statute's protection.

WHEREFORE, defendant prays that:

1.      Plaintiff's Amended Complaint be dismissed in its entirety, with prejudice;

2.      Defendant be awarded all costs of suit, including attorneys' fees; and

3.      The Court award defendant such other and further relief as is deemed appropriate.

Respectfully submitted,

DEFENDANT,
HARMAN INTERNATIONAL
INDUSTRIES, INCORPORATED


By: /s/ Joshua B. Walls
      Lawrence Peikes (ct07913)
      lpeikes@wiggin.com
      Joshua Walls (ct29006)
      jwalls@wiggin.com
      WIGGIN AND DANA LLP
      Its Attorneys
      Two Stamford Plaza
      281 Tresser Boulevard
      Stamford, CT 06901
      (203) 363-7600
      (203) 363-7676 (fax)

## CERTIFICATE OF SERVICE

This is to certify that on the 3rd day of November, 2015, a copy of the foregoing Answer was filed electronically.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system.   Parties may access this filing through the Court's CM/ECF System.

/s/  *Joshua B. Walls*
**Joshua B. Walls (ct29006)**

20706/17/3370494.1

18